## JOHN D. WILLIAMS and wife ond others, *Ex-parte.*

Where a testator devised the one-half of a house and lot to A, and the other half to B, to be held to her separate use for life, and at her death to go to her children, "or the proceeds of said lot, if the same should ever be sold, to be held for the benefit of her children, the said B receiving the annual interest of said proceeds." The land having been sold ; *It was held,* That B was not entitled to have the value of her life interest in the fund assessed according to the annuity tables and paid over to her at once, as that would defeat the trust and the express provisions of the will.

*It was further held,* That the fact that the money was only bearing six per cent. interest, and that B desired to use it in the improvement of a farm, was not a sufficient ground to warrant the interference of the court.

This was a PETITION in the above cause, heard before *Moore*, *J.,* at Fall Term, 1875, of BEAUFORT Superior Court.

The following are the facts as set forth in the record, and sent upon appeal, to this court :

Mary E. Hawks devised a house and lot, in the town of Washington, as follows : "Item 1st. I give and devise to my daughter, Hannah E. Latham, wife of Samuel C. Latham, one undivided half of my house and lot, situated in the town of Washington, at the corner of Market and Third streets, adjoining the lands, &c., to be held by her, free from the debts, liabilities and control of her husband.

"Item 2. I give and devise to my daughter, Mary E. Williams, wife of John D. Williams, the other undivided half of my said house and lot in Washington, &c., to be held by her free from the debts, contracts, liabilities or control of her said husband, during the term of her natural life, and after her death this said lot to belong to her children, or the proceeds of said lot if the same shall ever be sold, to be held for the benefit of her children, the said Mary E. Williams receiving the annual interest of said proceeds."

The house and lot has been sold by order of court in the above entitled cause, and the sale approved. One-half the proceeds of the sale have been paid to Mrs. Latham, and the remaining half is now in court. This petition was filed by John D. Williams and his wife, Mary E. Williams, praying that by a decree of the court, the plaintiff's interest in said fund may be assessed according to the annuity tables, and that the same may be paid to her.

The petition coming on to be heard, it was adjudged by the court:

1. That under the provisions of the will of Mrs. Mary E. Hawks, the petitioners are not entitled to the relief asked in this petition, as a matter of right, and the same is refused.

2. That if the relief prayed for is at the discretion of the Judge to grant or withhold, it is likewise refused in the exercise of that discretion.

From this judgment the petitioners appealed.

*D. M Carter*, for the appellants.
No counsel in this court, *contra.*

BYNUM, J.    The right to the relief asked for depends upon the construction of the will.    Mary Hawks devised the one-half of a house and lot in the town of Washington, to Hannah E. Latham, and the other half to Mary E. Williams, to be held to her sole and separate use for life, and at her death to her children; or, "the proceeds of said lot, if the same should ever be sold, to be held for the benefit of her children, the said Mary E. Williams receiving the annual interest of said proceeds."    The land has been sold, and Mrs. Williams, the plaintiff, is entitled to the annual interest of the fund.    To grant her prayer to order the payment to her, at once, of the value of her entire life interest, would obviously be to defeat the trust and express provisions of the will.    No sufficient cause is set forth to authorize the interference of the court.

The only causes alleged are, that the money is bearing only six per cent. interest, and that she desires to expend it in improving a farm.   Such reasons are insufficient.

There is no error.

PER CURIAM.                                    Judgment affirmed.